UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Penny I. F.,[1]

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:19-CV-5583 DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he improperly evaluated Dr. Peter Weiss's opinion. If Dr. Weiss's opinion had been given great weight the ultimate disability determination may have changed. The ALJ's error is

---

[1] The Court acknowledges that Plaintiff uses a different name in the Opening Brief, and that the ALJ refers to Plaintiff as a different name. The Court will use the name that is consistent with the majority of documents submitted by Plaintiff.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 1

therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On April 29, 2016, Plaintiff filed an application for SSI, alleging disability as of April 1, 2013. *See* Dkt. 10, Administrative Record ("AR") 46. The application was denied upon initial administrative review and on reconsideration. *See* AR 46. A hearing was held before ALJ Allen G. Erickson on February 13, 2018. *See* AR 46. In a decision dated June 21, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 56. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner.[2] *See* AR 44; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by: (1) improperly evaluating Dr. Weiss's opinion and Plaintiff's subjective symptom testimony; (2) failing to find a severe mental impairment at Step Two; and (3) failing to develop the record. Dkt. 16. Plaintiff requests the Court remand her application for an award of benefits. Dkt. 16, p. 16.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

---

[2] The record also contains a decision by an ALJ dated November 4, 2014. *See* AR 207. However, that decision is not at issue in this case.

**I. Whether the ALJ properly considered the medical opinion evidence and Plaintiff's subjective symptom testimony.**

Plaintiff asserts the ALJ failed to properly consider Dr. Weiss's opinion and Plaintiff's subjective symptom testimony. Dkt. 16, pp. 4-7.

A. <u>Dr. Weiss</u>

Dr. Weiss completed a psychological evaluation of Plaintiff on behalf of the Washington State Department of Social and Health Services ("DSHS") in July 2016. AR 586-590. Dr. Weiss conducted a clinical interview and a mental status exam ("MSE") of Plaintiff. AR 586-590. In a check-the-box form, Dr. Weiss opined Plaintiff had a severe impairment in performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision. AR 588. He also opined Plaintiff had a severe impairment in completing a normal work day and work week without interruptions from psychologically based symptoms. AR 588. During the MSE, Dr. Weiss observed Plaintiff's speech was pressured, her mood was manic, her affect was hypomanic, and her concentration was not within normal limits. AR 689-690. He diagnosed Plaintiff with moderate bipolar disorder and mild methamphetamine use disorder. AR 587.

The ALJ discussed Dr. Weiss's opinion and gave it little weight, saying:

> Dr. Weiss diagnosed mild methamphetamine and bipolar disorder, moderate. He concluded the claimant would have severe difficulty performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision. He also concluded the claimant would have severe difficulty completing a normal workday and workweek without interruptions from psychologically-based symptoms. Yet, he did not explain why this would be the case. He did not say the claimant was significantly late for the interview and the claimant did not report difficulty maintaining a schedule or a tendency to be tardy or absent. He also did not note any difficulty completing tasks due to psychologically-based symptoms. Thus, while Dr. Weiss had the opportunity to meet with and to examine the claimant, his opinions are not in any way related to what he observed during the interview or the mental status exam.

AR 49-50 (citations omitted).

The ALJ rejected the portion of Dr. Weiss's opinion regarding Plaintiff's ability to complete a normal work day and work week without interruptions from psychologically based symptoms because Dr. Weiss did not explain "why this would be the case." AR 50. More generally, the ALJ rejected Dr. Weiss's opinion because he found that Dr. Weiss's opinions were not relevant to what he observed during his evaluation of Plaintiff. AR 50. An ALJ may "permissibly reject[ ] ... check-off reports that [do] not contain any explanation of the bases of their conclusions." *Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012) (internal quotation marks omitted) (quoting *Crane v. Shalala,* 76 F.3d 251, 253 (9th Cir.1996)). But, "opinions in check-box form can be entitled to substantial weight when adequately supported." *Neff v. Colvin*, 639 Fed. Appx. 459 (9th Cir. 2016) (internal quotation marks omitted) (citing *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014)).

Here, Dr. Weiss's opinions were not confined to a check-the-box form. Dr. Weiss completed a DSHS evaluation form. *See* AR 586-590. While he opined to several limitations in "check-off" format, Dr. Weiss's opinion includes notes from his clinical interview, clinical findings, and an MSE of Plaintiff. *See* AR 586-590. Dr. Weiss's report detailed several abnormal test results which support his opinion. *See* AR 589-590. For example, during the MSE, Dr. Weiss noted Plaintiff's speech was pressured, her mood was manic, and her affect was hypomanic. AR 589. He also opined Plaintiff's concentration was not within normal limits. AR 590. Dr. Weiss diagnosed Plaintiff with moderate bipolar disorder and mild methamphetamine use disorder. AR 587. He also reviewed the records of prior psychological evaluations of Plaintiff by two other doctors. AR 586. As Dr. Weiss's opinion included testing and results relevant to the opined limitations, his opinion was not confined to a check-the-box

form. Thus, the ALJ's finding that Dr. Weiss did not provide an adequate explanation for the check-the-box portions of the opinion is not a specific, legitimate reason supported by substantial evidence for discounting the opinion. *See Smith v. Astrue*, 2012 WL 5511722, at *6 (W.D. Wash. Oct. 25, 2012) (holding an ALJ erred by rejecting an examining physician's opinion as a "check-off" report where the physician "conducted a clinical interview, [and] report[ed] his findings and observations" in the report). Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina*, 674 F.3d 1104 at 1115. An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ given great weight to Dr. Weiss's opinion, the ALJ may have included additional limitations in the RFC. For example, Dr. Weiss found Plaintiff severely limited in her ability to complete a normal work day and work week without interruptions from her symptoms, and severely limited in performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision. AR 588. In contrast, in the RFC, the ALJ did not include any mental health or absenteeism limitations. *See* AR 51-52. Therefore, if Dr. Weiss's opinion was given great weight and additional limitations were included in the RFC and in the hypothetical questions posed to the

vocational expert ("VE"), the ultimate disability determination may have changed. Accordingly, the ALJ's errors are not harmless and require reversal.

### B. Plaintiff's subjective symptom testimony

Plaintiff also contends the ALJ erred in evaluating her subjective symptom testimony. Dkt. 16, pp. 14-15. The Court concludes the ALJ committed harmful error when he failed to properly consider Dr. Weiss's opinion. *See* Section I.A., *supra*. Because Plaintiff will be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's subjective testimony, the ALJ must reconsider Plaintiff's testimony on remand.

**II. Whether the ALJ erred at Step Two in assessing Plaintiff's mental impairments.**

Plaintiff asserts the ALJ erred by failing to find her mental health impairments as a severe impairment. Dkt. 16, p. 8.

The could concludes the ALJ erred in his treatment of Dr. Weiss's opinion. *See* Section I.A., *supra*. The ALJ may have found Plaintiff has a severe mental impairment with proper consideration of Dr. Weiss's opinion. Dr. Weiss noted Plaintiff had diagnoses of bipolar disorder and methamphetamine use disorder. *See* AR 587. In his opinion, Dr. Weiss also determined Plaintiff had limitations relevant to the ALJ's Step Two analysis for mental impairments. For example, Dr. Weiss's opinion that Plaintiff's concentration was not within normal limits is relevant to the ALJ's analysis of the third functional area of concentrating, persisting, or maintaining pace. *See* AR 590. Additionally, Dr. Weiss's opinion regarding Plaintiff's abnormal mood and affect may be relevant to several of the functional areas. *See* AR 589. Thus, the ALJ's Step Two findings may have changed with proper consideration of Dr. Weiss's opinion. The ALJ must reconsider Step Two on remand.

**III.   Whether the ALJ fully and fairly developed the record.**

Plaintiff asserts the ALJ failed to fully and fairly develop the record by not ordering "consultative examinations for [Plaintiff's] back pain and mental impairments, and perhaps call a [medical expert] to review the entire record." Dkt. 16, p. 11. The Court, however, has directed the ALJ to re-evaluate Dr. Weiss's opinion and Plaintiff's testimony on remand. *See* Sections I & II, *supra*. On remand, the ALJ shall also assess whether ordering consultative examinations for Plaintiff's back pain and mental impairments or calling for a medical examiner to review the entire record are appropriate.

**IV.   Reevaluation of all of the sequential steps is appropriate.**

As discussed in Section I, *supra*, had the ALJ properly weighed the Dr. Weiss's opinion, the RFC and hypothetical questions posed to the vocational expert may have included additional limitations. As the ALJ's error in assessing Dr. Weiss's opinion impacts multiple parts of the sequential evaluation process, the ALJ is directed to reconsider this entire matter on remand.

**V.   Whether an award of benefits is warranted.**

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 16, p. 16. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

>     (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). The Court has determined the ALJ must re-evaluate this case on remand. *See* Section II, *supra*. Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 28th day of January, 2020.

David W. Christel
United States Magistrate Judge